IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER TIRADO RAMIREZ, an individual, on behalf of herself and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SWEET RICE CHICAGO INC., an Illinois corporation, KOMANE PURANANDA, an individual, and TITAYA PURANANDA, an individual, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 1:24-cv-5185

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Jennifer Tirado Ramirez, on behalf of herself and all other plaintiffs similarly situated, known and unknown, by and through her attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Sweet Rice Chicago Inc., an Illinois corporation, Komane Purananda and Titaya Purananda (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010, *et seq.*, of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime compensation for hours worked over forty (40) in a workweek. Plaintiff and other similarly situated employees are current and former cooks, food preparers and kitchen staff employees of Defendants' Sweet Rice restaurant.

1

2. Plaintiff brings her FLSA claim as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Jennifer Tirado Ramirez ("Tirado") is a current employee of Defendants' Sweet Rice restaurant located at 1904 North Western Avenue in Chicago, Illinois. Plaintiff Tirado has worked as a food preparer, appetizer cook and kitchen staff employee at Defendants' restaurant since approximately April, 2022.

6. During the course of her employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, tools and equipment which moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiff resides in and is domiciled in this judicial district.

8. Defendant Sweet Rice Chicago Inc. is an Illinois corporation that operates the Sweet Rice restaurant on North Western Avenue in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

9. Defendant Sweet Rice Chicago Inc. is registered in Illinois as a corporation and its officers, registered agent and registered office are located within this judicial district.

10. Defendant Sweet Rice Chicago Inc. has earned more than $500,000 in annual gross revenue during 2022, 2023 and 2024.

11. Defendant Komane Purananda is the owner of the Sweet Rice restaurant business and he is the president and secretary of the business' operating entity, Sweet Rice Chicago, Inc.

12. Defendant Titaya Purananda is a manager of the Sweet Rice restaurant business.

13. At all times relevant to this action, Defendants Komane Purananda and Titaya Purananda possessed extensive oversight over Defendant Sweet Rice Chicago Inc. and the Sweet Rice restaurant business operations. They were the ultimate decision-makers with respect to Defendants' payroll and wage and hour practices; they possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

14. The Purananda Defendants reside in and are domiciled within this judicial district.

**COMMON ALLEGATIONS**

15. During the period from approximately April, 2022 through December, 2023, Plaintiff Tirado regularly worked six (6) days per week at Defendants' Sweet Rice restaurant including Monday through Saturday from 11:00 a.m. to 9:00 p.m. Plaintiff Tirado typically did not work on Sunday, and she typically took one thirty minute lunch break each work day.

16. Based on her schedule, Plaintiff Tirado regularly worked fifty-seven (57) hours in individual workweeks from approximately April, 2022 through the end of December, 2023.

17. Defendants paid Plaintiff on an hourly basis at rates ranging from $14.25 per hour to $15.50 per hour.

3

18. However, Defendants did not compensate Plaintiff Tirado, and other non-exempt cooks, food preparers and kitchen staff employees, at one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) in individual workweeks.

19. Defendants never paid Plaintiff, and other non-exempt cooks, food preparers and kitchen staff employees, an overtime premium when they worked more than forty (40) hours in a workweek.

20. Defendants paid all of Plaintiff's hours, including all of her overtime compensable hours, at her straight-time hourly rate of pay.

21. In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiff with off-payroll company checks and they failed to provide Plaintiff with any wage stub or other written statement that reflected Plaintiff's hours worked and wages paid on a weekly or other basis.

22. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, § 6-105-010 of the CMWO, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for the Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

23. Plaintiff brings her FLSA claim as a collective action on behalf of herself and all other similarly situated current and former cooks, food preparers and kitchen staff employees who worked for Defendants during the last three years before the filing of this suit.

24. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former cooks, food preparers and kitchen staff employees, have had substantially similar job descriptions, job requirements and pay rates.

4

25. Plaintiff, and the other similarly situated cooks, food preparers and kitchen staff employees, were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay overtime compensation to cooks, food preparers and kitchen staff employees when they worked in excess of forty (40) hours in an individual workweek.

26. During the last three years before the filing of this suit, Defendants had a common policy, plan and practice of paying cooks, food preparers and kitchen staff employees at their straight-time rates of pay for all hours worked.

27. Defendants at all times failed to pay Plaintiff, and other similarly situated cooks, food preparers and kitchen staff employees, at one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual work week.

28. Plaintiff's claim is substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

29. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

30. There are numerous similarly situated current and former cooks, food preparers and kitchen staff employees who worked for Defendants' Sweet Rice restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

31. The similarly situated current and former cooks, food preparers and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

32. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

5

33. Throughout her employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

34. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 213.

35. During the course of Plaintiff's employment with Defendants, Defendants employed other cooks, food preparers and kitchen staff employees who were similarly not exempt from the overtime wage provisions of the FLSA.

36. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

37. Defendant, Sweet Rice Chicago Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and Defendant operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

38. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other non-exempt cooks, food preparers and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

39. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

40. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff and other cooks, food preparers and kitchen staff employees were scheduled to work and regularly did work substantially more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by paying

Plaintiff's wages with off-payroll company checks, by failing to provide Plaintiff with any pay stub or other record of hours worked and wages paid, and otherwise violated the Act's record-keeping regulations.

**WHEREFORE**, the Plaintiff, Jennifer Tirado Ramirez, on behalf of herself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Sweet Rice Chicago Inc., an Illinois corporation, Komane Purananda and Titaya Purananda, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

41. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

42. Throughout her employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

43. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

44. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

7

45. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

46. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Jennifer Tirado Ramirez, prays for a judgment against Defendants, Sweet Rice Chicago Inc., an Illinois corporation, Komane Purananda and Titaya Purananda, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorney's fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

47. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

48. Plaintiff was an "employee" under the CMWO § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 6-105-040.

49. Defendants were each an "employer" as defined in the CMWO § 6-105-010.

50. Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

51. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

**WHEREFORE**, the Plaintiff, Jennifer Tirado Ramirez, prays for a judgment against Defendants, Sweet Rice Chicago Inc., an Illinois corporation, Komane Purananda and Titaya Purananda, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorney's fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.


Dated: June 21, 2024                    Respectfully submitted,

                                        Jennifer Tirado Ramirez,
                                        on behalf of herself and all other plaintiffs
                                        similarly situated, known and known,
                                        Plaintiff,



                                        /s/ Timothy M. Nolan
                                        _____
                                        Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com